IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LEE DALE LOFTON, JR.**                                                              PETITIONER

5:19CV00066 BRW/PSH

**WENDY KELLEY, DIRECTOR,**
**Arkansas Department of Correction**                                                 RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Lee Dale Lofton, Jr. ("Lofton") seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Lofton is currently in the custody of the Arkansas Department of Correction (ADC).  In 2008, Lofton entered guilty pleas in Pulaski County Circuit Court to two counts of aggravated robbery, two counts of kidnapping, theft of property, two counts of fraudulent use of a credit card, and criminal attempt to commit capital murder.  He was sentenced to 40 years' imprisonment.  Lofton sought Rule 37 relief in state court, but the petition was dismissed as untimely.[1]  On appeal, the Arkansas Supreme Court dismissed for lack of appellate jurisdiction.

On February 5, 2019, Lofton filed this federal habeas corpus petition, alleging the following

---

[1] Judgment was entered on February 1, 2008.  Lofton filed his Rule 37 petition on June 23, 2008, 143 days after judgment.  Ark.R.Crim.P. 37.2 requires a Rule 37 petition following entry of a guilty plea to be filed within 90 days from entry of judgment.

claims for relief:

1. He was denied the effective assistance of counsel in connection with the entry of the guilty pleas; and

2. He should be declared eligible for parole under the provisions of the Fair Sentencing of Minors Act ("FSMA"), enacted on March 27, 2018.

Respondent Wendy Kelley ("Kelley") opposes Lofton's request. She contends that the statute of limitations bars consideration of these claims, the ineffective assistance of counsel claims are procedurally barred, and the FSMA claim is not cognizable in a federal habeas corpus action. By previous Order, Lofton was notified of his opportunity to explain why his petition is not subject to dismissal as untimely or procedurally barred. Docket entry no. 17. Lofton filed a responsive pleading in response to the Court's Order. Docket entry no. 18. For the reasons stated below, the undersigned recommends that the petition for writ of habeas corpus be dismissed and the relief requested be denied because the petition is time-barred.

**Statute of Limitations**

Section 101 of 28 U.S.C. § 2244 (as amended) imposes a one year period of limitations on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Kelley contends that Lofton should have filed his federal habeas petition on or before March 3, 2009, in order to comply with the timeliness provisions of 28 U.S.C. § 2244. Specifically, Kelley notes that the judgment against Lofton was entered on February 1, 2008, and the time for direct review expired thirty days thereafter. Accordingly, Kelley argues that Lofton's judgment became final for limitations purposes on March 2, 2008, upon which date the one year limitations period began to run. Kelley also contends the limitation periods would not otherwise be tolled, either statutorily or equitably. Because this petition was filed more than almost ten years after the limitations period expired, according to Kelley, it should be dismissed.

In his responsive pleading, Lofton claims his attorney's failure to provide him with discovery, the appellate court's erroneous denial of his motion for extension of time, and the absence of any legal assistance at the Arkansas postconviction stage of the proceedings excuse his failure to timely file his habeas corpus petition. Docket entry no. 18. Lofton also maintains he has "been striving throughout the years" to press his claims for relief. Docket entry no. 18, page 3.

*Time Calculation*

Kelley is correct that Lofton's conviction became final on March 2, 2008, thirty days after the entry of the judgment. *See Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015). As a result, Lofton should have filed his federal habeas petition on or before March 3, 2009.[2]

*Statutory Tolling*

The limitations period is tolled while "a properly filed application for State post-conviction

---

[2]March 3, 2009, is the correct date since March 2, 2009 was a Sunday.

or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(2). The statute requires that the state court petition be "properly filed." *Id*. In this instance, Lofton filed a Rule 37 petition, but not in a timely manner. To be "properly filed" under the statute, the motion must be delivered to the appropriate court within the time period for filing. *Artuz v. Bennett*, 531 U.S. 4 (2000). Thus, Lofton's untimely Rule 37 petition did not serve to toll the running of the limitations period. The limitations period expired, as Kelley calculated, approximately ten years before Lofton filed this habeas corpus petition. The time period was not tolled by any statutory provision.

> *Equitable Tolling*

The failure to file a timely habeas corpus petition can be excused under some circumstances:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted).*

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). Lofton claims that the statute of limitations should be equitably tolled for three reasons: (1) his trial attorney failed to provide him with discovery, (2) the appellate court erroneously denied his motion for extension of time, and (3) he did not receive legal assistance at the Arkansas postconviction stage of the proceedings. These arguments are without merit.

Much of Lofton's argument focuses upon alleged errors of his trial attorney. Typically, ineffective assistance of counsel does not warrant equitable tolling. *E.g., Harris v. Hutchinson,* 209 F.3d 325, 331 (4th Cir.2000); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999). Perhaps of more importance, however, is that even if it did, Lofton fails to link his allegations of attorney error to his inability to file a timely federal petition. Put another way, even if Lofton could prove that he

4

received ineffective assistance of trial counsel, he fails to establish how the alleged deficient performance of his trial attorney made it impossible for him to file his federal habeas corpus petition in the allotted time. This bare allegation does not equitably toll the limitations period. Likewise, the lack of a causal connection also dooms Lofton's claim that the appellate court's erroneous denial of his motion for extension of time should toll the limitations period. Lofton fails to prove that the state appellate court's ruling made it impossible for him to file a timely habeas petition.

The undersigned liberally construes Lofton's claim that he was not provided Rule 37 counsel[3] as a claim that this was an external impediment to him filing a timely federal habeas corpus petition. Like the other arguments he raises claiming equitable tolling, Lofton fails to show that he was unable to file a timely federal habeas petition because he did not have counsel in his state Rule 37 petition. Even assuming Lofton was impeded in filing his Rule 37 petition on time because he did not have counsel, he fails to plead or prove how lack of such counsel prevented him from filing his federal habeas corpus petition one year after his conviction became final, or before March 3, 2009. There is no equitable tolling of the statute of limitations as a result of Lofton not having Rule 37 counsel.

Finally, Lofton maintains he has been striving throughout the years to present his claims. The Court construes this as an assertion of diligence on Lofton's part. However, the record does not show that Lofton pursued his rights diligently. In addition to failing to file his Rule 37 petition in a timely manner in state court, Lofton waited roughly ten more years before filing this federal habeas

---

[3]There is no constitutional right to counsel in such post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722 (1991). However, the United States Supreme Court, in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1913 (2013), has limited *Coleman*. *Martinez* and *Trevino*, however, have no relevance in a discussion of the limitations period. Rather, any relevance of those cases would occur in the context of "cause" for a procedural default. *See Henderson v. Hobbs*, 2012 WL 4049222, Eastern District of Arkansas, August 29, 2012 ("The *Martinez* Court did not create, however, a new ground for equitable tolling of the statute of limitations.").

petition in February 2019. That is not the level of diligence required for equitable tolling. *See, e.g., Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010) (delay of nine months showed lack of diligence); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (petitioner who waited five months was not diligent); and *Earl v. Fabian*, 556 F.3d 717 (8th Cir. 2009) (failure to file in an eight month period showed lack of diligence).

The issues raised by Lofton in opposition to Kelley's limitations argument are without merit. None of his claims show that he was prevented by a party or by external circumstances from filing a timely federal habeas corpus petition. Neither statutory nor equitable tolling interrupted the limitations period after it commenced in March 2008. Lofton's February 2019 federal habeas petition was untimely, and the undersigned recommends dismissal on that basis.[4]

**Conclusion:** For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus be dismissed and the relief requested be denied because the petition is time-barred.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the undersigned recommends the certificate of appealability be denied.

IT IS SO ORDERED this 25th day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court need not, and does not, address Kelley's alternative arguments for dismissal.